# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SHARON CLARKE, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEI WEI ASIAN DINER, LLC., dba PEI WEI ASIAN KITCHEN,<br>a Delaware Corporation,<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, SHARON CLARKE ("Plaintiff" or "Clarke"), on behalf of herself and all other similarly situated workers, hereby files this Complaint against Defendant, PEI WEI ASIAN DINER, LLC, ("Defendant"), and states as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges, on behalf of herself and other similarly situated current and former General Managers[1] of Defendant who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*; (iii) entitled to reasonable attorneys' fees and costs pursuant to the FLSA; and (iv) entitled declaratory relief pursuant to 28 U.S.C. §2201.

---

[1] The term "General Manager" refers to and includes all positions classified as exempt at the individual store locations throughout the United States.

2. The FLSA Collective is made up of all General Managers who work or have worked for Defendant at any time within three years prior to this action's filing date (the "Collective Period").

3. Defendant classified Plaintiff and all other similarly situated current and former General Managers as exempt from the FLSA's overtime provisions.

4. By the conduct described in this Complaint, Defendant willfully violated the FLSA by failing to pay Plaintiff and all other similarly situated current and former General Managers overtime wages as required by law during the Collective Period.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*) to recover unpaid back overtime wages, to recover an additional equal amount as liquidated damages, to obtain declaratory relief, and to recover reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §201, *et seq.* (the "FLSA").

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

8. Venue lies within the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this district, and Defendant operates multiple restaurants in this district.

## THE PARTIES

*Plaintiff Sharon Clarke*

9. Plaintiff Sharon Clarke is an adult individual who is a resident of Florida.

10. From approximately December 6, 2017 to September 6, 2018, Plaintiff worked

2

for Defendant as a General Manager in Celebration, Florida.

11. Clarke's written consent to join a collective action under 29 U.S.C. § 216(b) is attached as Exhibit A.

12. Clarke regularly worked for Defendant and for Defendant's benefit in excess of 40 hours per workweek.

13. Clarke was typically scheduled to work about 50 to 55 hours per workweek.

14. Clarke often worked 60 to 70 hours per workweek.

15. Pursuant to Defendant's policy, pattern, or practice of not paying overtime wages to Clarke and all other similarly situated current and former General Managers when they worked beyond 40 hours in a workweek, Clarke and all other similarly situated current and former General Managers regularly performed work without receiving overtime compensation.

16. Clarke is a covered employee within the meaning of the FLSA.

17. Clarke has retained Stuart & Johnston, LLC, and Morgan & Morgan, P.A., to represent her, and seeks to recover unpaid wages, liquidated damages, attorneys' fees and costs, on behalf of herself and all other similarly situated current and former General Managers pursuant to 29 U.S.C. § 216(b).

***Defendant Pei Wei Asian Diner, LLC***

18. Pei Wei Asian Diner, LLC, is a Delaware corporation that does business in Texas, Florida, and operates approximately 200 restaurants nationwide. According to the Texas Secretary of State, Defendant's principal office is located at 6191 N. Highway 161, Suite 300, Irving, Texas, 75038. According to Defendant's website, its corporate headquarters is located at 6191 N. Highway 161, Suite 300, Irving, Texas, 75038.

19. At all material times hereto, Defendant was and is an employer within the

meaning of the FLSA, 29 U.S.C. § 203(d), (g).

20. At all material times hereto, Defendant owned and/or operated Defendant's restaurants, including the restaurant at which Plaintiff worked in Celebration, Florida.

21. At all material times hereto, Defendant employed Plaintiff and all other similarly situated current and former General Managers.

22. At all material times hereto, Defendant required Plaintiff and all other similarly situated current and former General Managers to perform non-exempt job duties.

## COVERAGE

23. At all times material hereto, Plaintiff was employed by Defendant within the meaning of the FLSA.

24. Plaintiff was hired by Defendant to perform duties as a General Manager.

25. Throughout their employment, Plaintiff and all other similarly situated current and former General Managers performed work on behalf of Defendant and were paid directly by Defendant.

26. At all times material hereto, Defendant determined the nature and amount of Plaintiff's and those similarly situated General Managers' pay.

27. At all material times hereto, Defendant was the employer of Plaintiff and all other similarly situated current and former General Managers within the meaning of the FLSA.

28. At all material times hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

29. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

30. At all times material hereto, Defendant simultaneously operated in two (2) or

more states, and even across the globe.

## COMMON FACTUAL ALLEGATIONS

31. During the course of their employment with Defendant, Plaintiff and all other similarly situated current and former General Managers regularly worked in excess of forty (40) hours in each workweek, but were not compensated at one and one-half times their respective regular rates of pay for all hours worked over forty in each such workweek.

32. Plaintiff and all other similarly situated current and former General Managers primarily performed manual, non-exempt job duties such as customer service, cooking food, delivering food, taking orders, running the cash register, waiting tables, doing dishes, and cleaning the restaurant.

33. Plaintiff and all other similarly situated current and former General Managers' primary duties were not directly related to Defendant's management or general business operations.

34. Plaintiff and all other similarly situated current and former General Managers' primary duties did not include the exercise of discretion or independent judgment regarding matters of significance.

35. Plaintiff and all other similarly situated current and former General Managers' did not have real authority to hire and fire. New hires had to be approved by Defendant's District Managers and were based on algorithms from software provided by Defendant. Even if an individual location's General Manager needed and wanted to hire a new employee, he or she did not have the authority to go out and hire the help necessary to run the restaurant. In reality, Defendant's computer program, put in place and managed by Defendant's higher level corporate management, had the sole authority to hire.

36. Plaintiff and all other similarly situated current and former General Managers were required to schedule and staff their restaurants through a scheduling software provided by Defendant. The General Managers' proposed daily, weekly, bi-weekly, or monthly schedules had to be approved by Defendant's District Managers. Plaintiff and all other similarly situated current and former General Managers' did not exercise independent discretion and control when making schedules. They were chained to Defendant's scheduling software and program, Defendant told them who could and could not be scheduled for every shift, and their proposed schedules were routinely modified by Defendant.

37. The performance of manual labor duties occupied the majority of Plaintiff and all other similarly situated current and former General Managers working hours.

38. All of the work that Plaintiff and all other similarly situated current and former General Managers have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and all other similarly situated current and former General Managers have performed.

39. Pursuant to a common policy, pattern or practice, Defendant treated Plaintiff and all other similarly situated current and former General Managers similarly with respect to the violations claimed, and failed to pay them overtime wages and maintain accurate records of their hours of work, despite the fact that Plaintiff and all other similarly situated current and former General Managers regularly worked more than 40 hours per workweek, all in violation of the FLSA.

40. Defendant knew, or should have known, that Plaintiff and all other similarly situated current and former General Managers primarily performed non-managerial, non-exempt duties, yet still maintained a policy not to pay Plaintiff and all other similarly situated current and

former General Managers overtime wages.

41. Defendant underfunded its restaurants' payroll budgets. Plaintiff and all other similarly situated current and former General Managers had to work long hours with no extra overtime compensation while performing the work of non-exempt employees (who otherwise would have received overtime pay for such work) due to the lack of sufficient payroll money from Defendant to pay the non-exempt workers.

42. Defendant purposefully prevented Plaintiff and all other similarly situated current and former General Managers' from being able to hire staff and use them as necessary. Plaintiff and all other similarly situated current and former General Managers' were routinely told by Defendant that they could not schedule non-exempt workers on certain shifts or days, forcing them to perform the non-managerial, non-exempt work, without paying them accordingly.

43. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA.

44. Defendant was aware or should have been aware that the FLSA requires them to pay non-exempt employees an overtime premium for all hours worked in excess of forty (40) hours per workweek.

45. Plaintiff and all other similarly situated current and former General Managers were classified as exempt from FLSA's overtime requirements and paid a salary.

46. Plaintiff and all other similarly situated current and former General Managers employed by Defendant during the Collective Period regularly worked more than forty (40) hours in a workweek without receiving proper overtime compensation. During these weeks, Defendant did not provide Plaintiff or other General Managers with overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40).

47. Rather than pay Plaintiff and all other similarly situated current and former General Managers one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in a given workweek, Defendant misclassified Plaintiff and all other similarly situated current and former General Managers as exempt from overtime pay, and did not compensate them for their overtime hours worked.

48. Plaintiff Clarke worked, on average, approximately 20-30 hours of overtime each week.

49. Defendant refused to staff the restaurants with the number of employees they needed to run efficiently, which routinely led to Plaintiff and all other similarly situated current and former General Managers working overtime and performing non-exempt job duties.

50. Plaintiff and all other similarly situated current and former General Managers were not required to clock in and out, nor were they required to keep timesheets. As a result, Defendant failed to maintain and keep time records for Plaintiff and all other similarly situated current and former General Managers.

51. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith. Defendant operated under a scheme that has caused significant damages to Plaintiff and all other similarly situated current and former General Managers.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as General Managers for the Defendant. The proposed collective is defined as follows:

> All persons who work(ed) for Defendant as General Managers, or other positions with similar job titles and/or duties who were classified as exempt at any time within three years prior to the commencement of this action (the "FLSA Collective").

53. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and her consent form is attached as Exhibit A. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

54. Plaintiff and the FLSA Collective are or were employed by Defendant within the meaning of the FLSA.

55. Defendant paid Plaintiff and the FLSA Collective a salary and classified them as exempt employees.

56. Defendant improperly classified Plaintiff and the FLSA Collective as exempt from the FLSA's overtime pay requirements.

57. Plaintiff and the FLSA Collective routinely worked over forty (40) hours in a workweek and were not compensated by Defendant with overtime pay for the overtime hours they worked.

58. Defendant was both aware of and required this overtime work. Specifically, it was Defendant's policy and practice to understaff its restaurants and force Plaintiff and members of the FLSA Collective to work overtime.

59. Defendant is and was aware the Plaintiff and the FLSA Collective worked under these conditions. Despite that knowledge, Defendant denied them overtime compensation.

60. Defendant uniformly misrepresented to Plaintiff and the FLSA Collective that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and the FLSA Collective are, and were, non-exempt employees and therefore eligible to receive overtime pay. Plaintiff and the FLSA Collective did not have the authority to staff their restaurants to meet their needs. Instead, they were managed by Defendant and told who was allowed to work each day, during which shifts, for how long, all which forced the Plaintiff and

the FLSA Collective members to perform non-exempt job duties and routinely work overtime.

61. The relevant job duties of Plaintiff and the FLSA Collective were substantially similar, regardless of their specific job title, office/restaurant location, supervisor, or geographic region.

62. Plaintiff and the FLSA Collective are similarly situated in that they are, or were, subject to Defendant's common compensation policy, pattern, or practice, including without limitation Defendant's failure to pay such persons for all overtime hours worked when they worked over 40 hours in a workweek in violation of the FLSA.

63. Defendant failed to make, keep, and preserve records of the hours worked by Plaintiff and the FLSA Collective.

64. Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

65. Defendant's conduct is willful and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective. Defendant is and was aware that Plaintiff and the FLSA Collective performed non-exempt work that required overtime pay.

66. Defendant is and was aware of the FLSA's requirements.

67. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

68. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and opportunity to join the case. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records. Notice should be sent to the

FLSA Collective members, pursuant to 29 U.S.C. § 216(b).

## COUNT I
## FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME WAGES
*(On Behalf of Plaintiff and the FLSA Collective)*

69. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

70. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, pursuant to 29 U.S.C. § 207.

71. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

72. Plaintiff and the FLSA Collective are non-exempt covered employees under the FLSA, 29 U.S.C. § 203(e)(1).

73. Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek for the Defendant during the applicable time period.

74. Plaintiff and the FLSA Collective are entitled to be paid at the statutory rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

75. At all material times hereto, Defendant was the employer of Plaintiff and the FLSA Collective and was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

76. At all material times hereto, Plaintiff and the FLSA Collective were employees of Defendant within the meaning of 29 U.S.C. §§ 203(a) and 207(a).

77. Defendant has not properly compensated Plaintiff or the FLSA Collective for

their overtime hours as required by the FLSA.

78. Defendant failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

79. Defendant knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates pursuant to 29 U.S.C. § 255.

80. Defendant's willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates 29 U.S.C. § 207.

81. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of 29 U.S.C. § 255(a).

82. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

83. As a direct and proximate result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered and will continue to suffer damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*, in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

84. **WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated FLSA Collective members, respectfully request that this Court grant the following relief:

  a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

  b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

  c. An award of unpaid wages and overtime compensation due under the FLSA;

  d. An award of liquidated damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

  e. An award of prejudgment and post judgment interest;

  f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  g. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

85.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: April 6, 2020.

              Respectfully submitted

              */s/ ANDREW R. FRISCH*
              Andrew R. Frisch
              MORGAN & MORGAN, P.A.
              8151 Peters Road, Suite 4000
              Plantation, Florida 33324
              Telephone: (954) WORKERS
              Facsimile: (954) 327-3013

E-mail: afrisch@forthepeople.com

*/s/ C. RYAN MORGAN*
C. Ryan Morgan
MORGAN & MORGAN, P.A.
20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
E-mail: rmorgan@forthepeople.com
(*pro hac vice forthcoming*)

*/s/ ASHLEY M. LANDERS*
Ashley M. Landers
STUART & JOHNSTON, LLC
3343 Peachtree Road NE, Suite 530
Atlanta, Georgia 30326
Telephone: (404) 662-2620
Facsimile: (404) 935-6194
E-mail: ashley@stuartandjohnston.com
(*pro hac vice forthcoming*)

*/s/ ANDREW H. STUART*
Andrew H. Stuart
STUART & JOHNSTON, LLC
3343 Peachtree Road NE, Suite 530
Atlanta, Georgia 30326
Telephone: (404) 662-2620
Facsimile: (404) 935-6194
E-mail: astuart@stuartandjohnston.com
(*pro hac vice forthcoming*)

*Attorneys for Plaintiff*