IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON CLARKE, on behalf of herself and all others similarly situated, § § § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. 3:20-CV-00800-N | |
| § | | |
| PEI WEI ASIAN DINER, LLC DBA PEI WEI ASIAN KITCHEN, § § § | | |
| Defendant. § | | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
### FOR CONDITIONAL CERTIFICATION

Defendant Pei Wei Asian Diner, LLC ("Defendant") hereby responds to Plaintiff's Expedited Motion for Conditional Certification (Doc. 25) (the "Motion").

## I. INTRODUCTION

Defendant does not object to conditional certification of this action. Defendant, however, objects to Plaintiff's proposed notice procedure. The proposed notice procedure exceeds what is necessary to provide fair notice as contemplated by the Supreme Court in *Hoffman-LaRoche v. Sperling,* 493 U.S. 165 (1989). The proposed notice also requires revisions to more accurately describe those eligible to participate at this stage and their responsibilities should they choose to participate. Furthermore, although Defendant does not oppose conditional certification, it reserves the right to move for decertification.

## II. ARGUMENTS AND AUTHORITIES

If the Court grants the Motion and conditionally certifies the action, then the Court should allow a limited opt-in procedure and require revisions to the court-authorized notice. Limitations on the extent of communications with putative plaintiffs are not only encouraged but are required. *Sperling*, 493 U.S. 165.

A.   *Dissemination of the notice should be limited to first-class mail only.*

Plaintiff asks that the Court allow distribution of the notice by email in addition to first-class mail. But first-class mail is a sufficient method. As Judge Fitzwater explained, "Judges in this district have found that mailing notice [to potential class members] is an adequate means of alerting potentially interested Plaintiffs." *Arceo v. Orta*, 296 F. Supp. 3d 818, 826 (N.D. Tex. 2017). Plaintiff has not articulated any reason why sending the notice by first-class mail is not sufficient to inform the potential plaintiffs of their right to join this suit. For instance, she has not shown that potential plaintiffs cannot receive notice by mail or that they would be unable to respond to mailed notices. Accordingly, the Court should order distribution by first-class mail only. *See Altiep v. Food Safety Net Servs., Ltd.*, No. 3:14-CV-00642-K, 2014 WL 4081213, at *6 (N.D. Tex. Aug. 18, 2014) (permitting distribution by mail only and noting that "Plaintiffs have shown no reason that sending a letter to a potential plaintiff's last known address would provide inadequate notice"); *Jorge v. Atlantic Housing Foundation*, No. 3:20-CV-02782-N (N.D. Tex. September 29, 2020).

B.   *Plaintiff should not be allowed to send multiple mailings.*

Plaintiff's request to send multiple mailings of the notice to potential opt-in plaintiffs is improper. Defendant requests that Plaintiff's written communications with potential class members be limited to sending the approved notice via first-class mail on only one occasion, except in the case where a notice is returned due to an incorrect address. This limitation is appropriate because court-authorized notice is intended to accomplish notice; once the potential plaintiffs are aware of the litigation, "reminders" such as subsequent mailings of the notice serve no legitimate purpose. *See Sharpe v. APAC Customer Services, Inc.*, No. 09-cv-329-bbc, 2010 WL 1292154, *2 (W.D. Wis. Mar. 29, 2010) (limiting plaintiff's written communications with potential class members to a one-time mailing of the approved notice); *Wlotkowski v. Michigan*

*Bell Telephone Co.*, 267 F.R.D. 213, 220 (E.D. Mich. April 16, 2010); *Smallwood v. Illinois Bell Telephone Co.*, 710 F.Supp.2d 746, 753-4 (N.D. Ill. May 6, 2010).

Rejecting the mailing of "reminder" notices, one court explained that "the reminder notice is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit." *Witteman v. Wisconsin Bell, Inc.*, No. 09-cv-440-vis, 2010 WL 446033 *3 (W.D. Wis. Feb. 2, 2010). A single mailing of the notice accomplishes the purpose authorized by *Sperling*, wherein the Supreme Court held that notice procedures "must be scrupulous to respect judicial neutrality . . . and take care to avoid even the appearance of judicial endorsement of the merits of the action." 493 U.S. at 174. A single mailing will ensure that members of the prospective class receive formal court-authorized notice of these proceedings. *Calderon v. Geico General Insur. Co.*, 2011 WL 98197 *8 (D. Md. Jan. 12, 2011) (not permitting reminder notices because "[a] single notice . . . is more than sufficient to provide notice to the potential opt-in plaintiffs"). Any further communication with potential opt-in plaintiffs beyond the issuance of written notice would implicitly involve the Court in the encouragement of litigation, which *Sperling* certainly does not contemplate. 493 U.S. at 181 (Scalia, J., dissenting) ("'Stirring up litigation' was once exclusively the occupation of disreputable lawyers, roundly condemned by this and all American courts."). Accordingly, Defendant requests the Court order that the approved notice may be issued on one occasion and that it not be accompanied or followed by any additional correspondence, including subsequent mailings of the notice.

C.   *Defendant should not be required to disclose personal information about potential class members.*

Plaintiff requests that the Court order Defendant to disclose email addresses, phone numbers, and the last four digits of Social Security numbers for all potential plaintiffs. Names and addresses are sufficient to ensure the potential plaintiffs receive notice of this case. Courts

have repeatedly held that producing additional information, including the individuals' email addresses and phone numbers, unnecessarily invades those individuals' privacy. *See, e.g.*, *Nguyen v. Versacom, LLC*, No. 3:13-CV-4689-D, 2015 WL 1400564, at *13 (N.D. Tex. Mar. 27, 2015) (Fitzwater, J.) ("Consistent with its prior practice, the court concludes that the need for compelled disclosure of prospective class members' telephone numbers, email addresses, and social security numbers is outweighed by their privacy interests, and that there is no apparent reason to conclude that sending a letter to a person's last known address will be inadequate."); *Behnken v. Luminant Min. Co., LLC*, 3:13-CV-2667-D, 2014 WL 585333, at *11 (N.D. Tex. Feb. 14, 2014) (declining to order production of telephone numbers); *Page v. Nova Healthcare Mgmt., L.L.P.*, Civ. A. H-12-2093, 2013 WL 4782749, at *7 (S.D. Tex. Sept. 6, 2013) (Lake, J.) (declining to order production of potential plaintiffs' telephone numbers "because of the highly private and sensitive nature of this information").  Plaintiff has not offered any reason why names and addresses are insufficient, so the Court should not require Defendant to produce additional contact and personal information.  *See Lopez v. Bombay Pizza Co.*, Civ. A. H-11-4217, 2012 WL 5397192, at *3 (S.D. Tex. Nov. 5, 2012) (Miller, J.) (declining to require defendant to produce telephone numbers because plaintiff "has not demonstrated any need for the additional information at this stage of this case").

Furthermore, Defendant should not be required to produce Social Security numbers or dates of employment to Plaintiff's counsel due to the "privacy concerns implicit in information derived from personnel records." *Torres v. CSK Auto, Inc.*, No. EP-03-CA-113(KC), 2003 WL 24330020, at *3 (W.D. Tex. Dec. 17, 2003) (denying FLSA plaintiffs' request for names, addresses, Social Security numbers and telephone numbers of putative class members based on privacy concerns); *see also Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-cv-0776-D, 2004

WL 2293842, at *5 (N.D. Tex. Oct. 7, 2004*); Humphries v. Stream Int'l, Inc.*, No. 3:03-cv-01682, 2004 U.S. Dist. LEXIS 220465, at *12 (N.D. Tex. Feb. 13, 2004) (denying plaintiffs' request for potential opt-ins telephone numbers, dates of birth, and Social Security numbers due to privacy concerns).  As the Court stated in *Humphries v. Stream Int'l, Inc.*:

> The court declines to require defendants to reveal these individuals' telephone numbers, dates of birth, and social security numbers.  This highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that Humphries' counsel desires it.  Any need for the compelled disclosure of such data is outweighed by the privacy interests of these current and former workers.  Inadvertent disclosure of such information could lead to such unintended consequences as identity theft.  And there is no apparent reason to conclude that sending a letter to the person's last known address will be inadequate.

*Humphries*, 2004 U.S. Dist. LEXIS 220465, at *12 (citation omitted).  For the same reasons why the Court declined to order the employer in *Humphries* to produce phone numbers, dates of birth, and Social Security numbers, this Court should decline to order Defendant to produce any employee's e-mail address, phone number, Social Security number, or dates of employment.

A protective order or confidentiality order is insufficient to address the privacy concerns of non-party employees with respect to the production of personal information.  *See Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 447 (D. Minn. 1997).  "[T]he very act of disclosing an employee's sensitive and personal data is highly, and frequently, an unnecessarily intrusive act – whether or not that disclosure is governed by the terms of a Confidentiality Order.  The intrusiveness of the act rests in disclosure to anyone, and the fact that the information may not be openly publicized brings little comfort to the co-employee, whose most private confidences are needlessly divulged." *Id.* at 447-48.

D.  *The notice should provide that individuals with arbitration agreements are not eligible to participate.*

In the Motion, Plaintiff seeks conditional certification of "all General Managers who were classified as exempt by Defendant, who did not execute arbitration agreements, and who worked for Defendant at any time from three years prior to Order granting Notice to the present." But the description of the potential plaintiffs in Plaintiff's proposed court-authorized notice does not address the issue of arbitration agreements. Instead, the description of the potential plaintiffs in Plaintiff's proposed notice tracks the language in Plaintiff's Complaint. To avoid confusion the description of the potential plaintiffs in the court-authorized notice should mirror the definition in the Motion and make clear that those with arbitration agreements are not eligible to file an opt-in notice with the Court.

E.  *The notice should explain potential plaintiffs' responsibilities.*

The notice should explain that potential plaintiffs may be asked to participate in discovery, answer questions, and testify in a deposition and at trial, among other obligations related to this litigation. *See Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 525 (N.D. Tex. 2014) (holding that notice "should include language that individuals joining the lawsuit may be required to give a deposition, respond to written discovery, and testify in court") (internal quotations omitted); *Russell v. Ill. Bell Tel. Co.*, 575 F. Supp. 2d 930, 939 (N.D. Ill. 2008) (accepting proposed language stating, "While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court.").

### III. CONCLUSION

For the foregoing reasons, Defendant requests that the Court modify Plaintiff's proposed notice procedure as described above. Finally, Defendant requests any and all other and further relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

*/s/ John B. Brown*
John B. Brown
State Bar No. 00793412
John.Brown@ogletreedeakins.com
Jeremy W. Hays
State Bar No. 24083156
Jeremy.Hays@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  214.987.3800
Facsimile:  214.987.3927

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

*/s/ John B. Brown*
John B. Brown

44861233.1