IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON CLARKE, individually and on behalf of others similarly situated, § § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:20-CV-00800-N | |
| § | | |
| PEI WEI ASIAN DINER, LLC., dba PEI WEI ASIAN KITCHEN, § § § § | | |
| Defendant. § | | |

# **MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Sharon Clarke's motion to conditionally certify class and send notice to class members [26]. Because Clarke satisfies the requirements of the lenient first step of the two-step *Lusardi* conditional certification process,[1] the Court grants Clarke's motion and conditionally certifies the class as defined below. The Court authorizes notice to potential plaintiffs pursuant to the terms set forth below.

## **I. THE ORIGINS OF THE OPT-IN CLASS ACTION**

Clarke brought an action asserting claims against Pei Wei Asian Diner, LLC ("Pei Wei") to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq.* Clarke is a general manager ("GM") of Pei Wei, a fast-casual chain serving authentic, Asian-inspired dishes. Clarke claims that GMs routinely work overtime hours without overtime compensation in violation of the FLSA. *See*

---

[1] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

MEMORANDUM OPINION AND ORDER – PAGE 1

Complaint ¶¶ 31–51 [1]. Clarke moved for a collective action under Section 216(b) of the FLSA and seeks to represent "all General Managers who were classified as exempt by Defendant, who did not execute arbitration agreements, and who worked for Defendant at any time from three years prior to Order granting Notice to the present." *See* Pltf.'s Mot. for Conditional Cert. [25]. Pei Wei does not object to conditional certification but raises several objections to the notice procedure and content. Pei Wei argues that (1) notice should be limited to first-class mail; (2) notice should be restricted to one occasion; (3) Pei Wei should be required to disclose only names and addresses of class members; (4) the notice should provide that individuals with arbitration agreements are not eligible; and (5) the notice should explain potential plaintiffs' responsibilities. Clarke agreed to withdraw the reminder notice, edit the proposed notice to provide that individuals with arbitration agreements are not eligible, and explain potential plaintiffs' responsibilities in the notice. The parties dispute whether notice should include email notice and whether Pei Wei should disclose personal information beyond the names and addresses of potential class members.

## II. LEGAL STANDARDS FOR OPT-IN CLASS ACTIONS UNDER THE FLSA

Courts use one of two procedures to certify FLSA classes. The dominant approach employs a two-step process exemplified by the lengthy *Lusardi v. Xerox Corp.* litigation. 99 F.R.D. 89 (D.N.J. 1983) (conditional certification); 118 F.R.D. 351 (D.N.J. 1987) (decertification). In the first step, "the district court makes a decision—usually based only on the pleadings and any affidavits [that] have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*,

MEMORANDUM OPINION AND ORDER – PAGE 2

539 U.S. 90 (2003). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id*. at 1214. "[A]t the notice stage, 'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan'" as evidence sufficient to move beyond the first step. *Id*. at 1214 n.8 (quoting *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'" *Id*. at 1214; *see also Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) (holding that district courts may facilitate notice to potential plaintiffs).

The second step consists of a "decertification" analysis conducted upon a defendant's motion after the close of discovery. *Mooney*, 54 F.3d at 1214. Based on the evidence obtained during discovery, a court "makes a factual determination on the similarly situated question" in the second step. *Id*. The Court considers three relevant factors: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant [that] appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011) (internal quotation marks omitted). "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Mooney*, 54 F.3d at 1214. The *Lusardi*

approach "lends itself to *ad hoc* analysis on a case-by-case basis." *Id.* at 1213 (emphasis in original).

### III.  THE COURT CONDITIONALLY CERTIFIES THE OPT-IN CLASS

Clarke's motion asks the court to conditionally certify a class consisting of all General Managers who were employed by Pei Wei within three years prior to this action's filing date and who did not execute arbitration agreements.  The Court must thus determine at this stage whether, in the words of several courts, there exists "some identifiable facts or legal nexus [that] binds the claims so that hearing the cases together promotes judicial efficiency."  *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012). Because the Court finds such a nexus here and Pei Wei does not object to conditional certification, the Court conditionally certifies the following opt-in class:

> All General Managers who work or have worked for Pei Wei at any time within three years prior to this action's filing date and who did not execute arbitration agreements.

Clarke argues that notice should be sent via first-class mail and email to the proposed class.  Pei Wei argues that mailing notice is an "adequate means of alerting potentially interested Plaintiffs."  *Arceo v. Orta*, 296 F. Supp. 3d 818, 826 (N.D. Tex. 2017).  However, this Court has previously allowed FLSA plaintiffs to email notice to potential class members.  *See, e.g.*, *Long v. Wehner Multifamily, LLC*, 303 F. Supp. 3d 509, 514 (N.D. Tex. 2017) (Godbey, J.); *Fulton v. Bayou Well Servs. LLC*, 208 F. Supp. 3d 798 (N.D. Tex. 2016) (Godbey, J.); *Trietsch v. Caliber Home Loans, Inc.*, No. 3:16-CV-00483-N, 2016 WL 11474171, *4 (N.D. Tex. Dec. 1, 2016) (Godbey, J.).  Moreover, courts "routinely approve such requests when, as here, they are likely to further the broad remedial

MEMORANDUM OPINION AND ORDER – PAGE 4

purposes of the FLSA by facilitating notice, and disapprove such requests only when defendant makes a showing that such measures are not likely to facilitate notice." *Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 776 (S.D. Tex. 2015) (ordering defendants to produce email addresses). Pei Wei has made no showing that email notice is unlikely to facilitate notice. Thus, the Court permits Clarke to send email notice to potential opt-in plaintiffs.

Pei Wei argues that it should not produce information besides the names and addresses of potential opt-in plaintiffs due to "privacy concerns implicit in information derived from personnel records." *Torres v. CSK Auto Inc.*, No. EP-03-CA-113(KC), 2003 WL 24330020 (W.D. Tex. Dec. 17, 2003). "Privacy concerns militate against disclosing more personal information than is absolutely necessary to notify potential class members of their rights in the lawsuit." *Roberts v. S.B. Southern Welding, LLC*, No. 3:14-CV-3617-B, 2015 WL 8773610, at *3 (N.D. Tex. Dec. 15, 2015). The Court agrees that some of the requested information, such as Social Security numbers and dates of employment, is not necessary to facilitate notice in this case, particularly when Clarke may send email notice to potential opt-in plaintiffs. Furthermore, "[a]ny need for the compelled disclosure of such data is outweighed by the privacy interests of these current and former workers. Inadvertent disclosure of such information could lead to such unintended consequences as identity theft." *Humphries v. Stream Int'l, Inc.*, No. 3:03-CV-1682-D, 2004 U.S. Dist. LEXIS 20465 (N.D. Tex. Feb. 13, 2004). However, the Court routinely orders disclosure of email addresses. *See, e.g., Long*, 303 F. Supp. 3d 509; *Fulton*, 208 F. Supp. 3d 798; *Trietsch*, 2016 WL 11474171. Consistent with its prior practice, the Court concludes that

MEMORANDUM OPINION AND ORDER – PAGE 5

the privacy interests of prospective class members in their email addresses do not outweigh the need for compelled disclosure in such data to facilitate notice.

The Court orders Pei Wei to provide Clarke with the names, addresses, and email addresses, if known, for each individual falling within the conditionally certified class (the "Employee Information"). Pei Wei shall provide the Employee Information in an electronic format, or in written format if not available in electronic form, within fourteen (14) days of the date of this Order. Clarke shall use the Employee Information only to mail or email notice to potential opt-in plaintiffs.

Pei Wei objected to the contents of the proposed notice, arguing that the proposed notice should provide that individuals with arbitration agreements are not eligible to participate and should explain potential plaintiffs' responsibilities. In her reply, Clarke agreed to Pei Wei's requested changes to the proposed notice. The Court orders the parties to confer about the content of the notice letter and consent form, and to provide the Court with a final proposed notice. If the parties cannot agree on the content of the notice letter and consent form, they must each submit their proposed forms to the Court with a transmittal letter of no more than three pages explaining the differences in the forms no later than fourteen (14) days after the date of this Order. Subject to the Court's approval of the notice letter and consent form, the Court authorizes Clarke to email and to mail first class, at Clarke's cost, a copy of the notice letter and consent form, along with a self-addressed, postage-paid return envelope, to each potential class member. Clarke shall email or mail these materials within fourteen (14) days after the Court's Order approving the notice letter and consent form (the "Mailing Date"). Potential plaintiffs shall have

MEMORANDUM OPINION AND ORDER – PAGE 6

ninety (90) days from the Mailing Date to file a consent form opting-in to this litigation (the "Opt-In Period"), unless the parties agree to permit late filings.

Clarke's counsel shall date stamp the returned consent forms on the day the forms are received in counsel's office and retain any evidence showing the date the consent forms were postmarked, fax-stamped, or received via email. All consent forms postmarked, fax-stamped, or emailed on or before the last day of the Opt-In Period will be considered timely. The Court will not accept consent forms postmarked, fax-stamped, or emailed after the Opt-In Period expires.

Within fourteen (14) days after the last day of the Opt-In Period, Clarke's counsel, on behalf of the opt-in plaintiffs, shall file the consent forms with the Court (the "Filing Date"), noting the received date for each individual. The Court tolls the statute of limitations for each opt-in class member through the Filing Date. The Court will accept late-filed consent forms only for good cause.

The Court also orders that the parties may conduct additional class certification discovery for ninety (90) days after the Filing Date. The Court further orders Defendants to file a motion for decertification within thirty (30) days after the close of class certification discovery, at which time the Court will apply the more stringent review required under *Lusardi*'s second-step analysis.

## CONCLUSION

The Court grants Clarke's motion for notice and conditional certification, conditionally certifies the proposed class, and authorizes notice to potential plaintiffs pursuant to the terms set forth above.

Signed December 4, 2020.

_____<br>
David C. Godbey<br>
United States District Judge